IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

VINCENT MELVIN BROOKFIELD, )
                                                             )
                       Petitioner, )
                                                             )
v. ) Case No. 15-CV-168-JHP-JFJ
                                                             )
CARL BEAR, Warden, )
                                                             )
                       Respondent. )

## **OPINION AND ORDER**

Before the Court is Petitioner Vincent Melvin Brookfield's habeas corpus petition under 28 U.S.C. § 2254 (Dkt. 1). Petitioner challenges his Tulsa County District Court convictions for child sexual abuse, Case No. CF-2011-1156. Dkt. 1, Petition, at 1. He asks the Court to dismiss the convictions or reduce his fifteen year sentence based on evidentiary errors, prosecutorial misconduct, and ineffective assistance of appellate counsel. *Id.* at 4-13. Respondent contends one claim is procedurally defaulted, and the exhausted claims fail on the merits. For the reasons below, the Court will deny the petition.

**I. Background**

In 2011, Petitioner was arrested for molesting his stepdaughter, M.K. Dkt. 7-11, O.R., at 1-5; *see also* Dkt. 7-1, Pet. App. Brief, at 8-9. The alleged crimes took place from 2003 to 2010, when M.K. was between seven and fourteen years old. *Id.* The State charged Petitioner with seven counts of child sexual abuse in violation of OKLA. STAT. tit. 21, § 843.5E. Dkt. 8-1, O.R., at 21-22. Each count reflected a date range and described the specific type of abuse. *Id.* At the preliminary hearing held April 29, 2011, the State Court dismissed Counts III through VII after finding the prosecutor failed to elicit testimony regarding sexual abuse after 2004. Dkt. 8-3, Tr.

Prelim. Hr'g, at 38-40. Counts I through III were reserved for trial. *Id.* On May 23, 2012, a jury convicted Petitioner on Count I (pressing genitals against M.K.'s buttocks) and Count II (touching M.K.'s breasts), but acquitted him on Count III (touching M.K.'s genitals). Dkt. 8-10, Tr. Trial vol. III, at 62-63; *see also* Dkt. 8-1, O.R., at 21. The jury recommended a punishment of 5 years imprisonment on Count I and 10 years imprisonment on Count II, to be served consecutively. Dkt. 8-10, Tr. Trial vol. III, at 62-63. The State Court sentenced Petitioner accordingly. Dkt. 8-11, Tr. Sent. Hr'g (June 11, 2012), at 2-3.

Petitioner perfected a direct appeal to the Oklahoma Court of Criminal Appeals ("OCCA"). Dkt. 7-1, Pet. App. Brief, at 1. He raised four propositions of error:

> (Proposition I): Improper admission of evidence regarding Counts IV through VII, which were dismissed at the preliminary hearing.
>
> (Proposition II): Improper admission of prejudicial evidence and argument.
>
> (Proposition III): Counts I and II should have been dismissed based on the statute of limitations set forth in OKLA. STAT. tit. 22, § 152.
>
> (Proposition IV): The cumulative effect of these errors resulted in an excessive sentence.

*Id.* at 2. By a Summary Opinion entered August 7, 2013, the OCCA affirmed Petitioner's conviction and sentence. Dkt. 3-3, *State v. Petitioner*, No. CF-2012-522 (Okla. Crim. App. 2013) (unpublished), at 1.

On February 13, 2014, Petitioner filed a *pro se* application for post-conviction relief in the State Court. Dkt. 7-4, P.C. App., at 1. He raised the following six propositions of error:

> (Proposition 1): Petitioner's rights were violated under the Confrontation Clause because an easel-board blocked his view of M.K. while she was testifying.
>
> (Proposition 2): Appellate counsel rendered ineffective assistance by failing to argue the prosecutor coerced M.K. to supply false testimony.
>
> (Proposition 3): The prosecutor committed misconduct by filing three versions of the

Information.

(Proposition 4): Appellate counsel rendered ineffective assistance by failing to challenge the improper admission of propensity evidence.

(Proposition 5): Appellate counsel rendered ineffective assistance by failing to raise the Confrontation Clause argument on direct appeal.

*Id.* at 5-18. By an Order entered August 12, 2014, the State Court found Proposition 3 was procedurally barred because Petitioner did not raise it on direct appeal. Dkt. 7-6, Order Denying Post-Conviction Application (hereinafter, "P.C. Order"), at 4. The State Court denied the remaining Propositions on the merits. *Id.* at 4-6. By a Summary Opinion entered January 7, 2015, the OCCA affirmed the decision. Dkt. 7-9, *Petitioner v. State*, No. CF-2014-828 (Okla. Crim. App. 2015) (unpublished), at 1.

Petitioner filed the instant § 2254 Petition on April 6, 2015. Dkt. 1. He identifies the following grounds for relief:

(Ground 1): Improper admission of evidence regarding Counts IV through VII, which were dismissed at the preliminary hearing.

(Ground 2): Improper admission of prejudicial evidence and argument.

(Ground 3): Counts I and II should have been dismissed based on the statute of limitations set forth in OKLA. STAT. tit. 22, § 152.

(Ground 4): Cumulative error based on Grounds 1 through 3.

(Ground 5): Appellate counsel rendered ineffective assistance by failing to raise a Confrontation Clause argument based on the easel-board that blocked Petitioner's view.

(Ground 6): Appellate counsel rendered ineffective assistance by failing to argue the prosecutor coerced M.K. to supply false testimony.

(Ground 7): Prosecutors committed misconduct by filing three versions of the Information.

(Ground 8): Appellate counsel rendered ineffective assistance by failing to challenge improper admission of propensity evidence.

Dkt. 1, Petition, at 4-17.

Respondent filed a Response along with copies of the state court record. Dkt. 7, 8. Respondent concedes, and the Court finds, that Petitioner timely filed his federal habeas petition. *See* 28 U.S.C. § 2244(d)(1). However, Respondent contends Ground 7 is procedurally defaulted and the remaining claims lack merit. Dkt. 9, Response, at 8-43. Petitioner filed a Reply on July 29, 2015. Dkt. 12.

**II. Exhaustion and Procedural Default**

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs this Court's review of petitioner's habeas claims. *See* 28 U.S.C. § 2254. Relief is only available under the AEDPA where the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "Before addressing the merits of [a habeas] claim, [the petitioner] must show that he can satisfy [certain] procedural requirements" including the exhaustion of state remedies. *U.S. v. Greer*, 881 F.3d 1241, 1245 (10th Cir. 2018); *see also* 28 U.S.C. § 2254(b)(1)(A). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary,* 36 F.3d 1531, 1534 (10th Cir. 1994).

A corollary to the exhaustion requirement is the procedural bar doctrine. *See Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). If the state court denied a habeas claim "based on an adequate and independent state procedural rule," the claim is procedurally defaulted for purposes of federal habeas review. *Davila,* 137 S. Ct. at 2064. A state procedural rule "is independent if it is separate and distinct from federal law," and "is adequate if it is 'strictly or regularly followed' and applied 'evenhandedly to all similar claims.'" *Duvall v. Reynolds*, 139 F.3d 768, 796-97

(10th Cir. 1998) (quoting *Hathorn v. Lovorn*, 457 U.S. 255, 263 (1982)).

"Once the state pleads the affirmative defense of an independent and adequate state procedural bar, the burden to place that defense in issue shifts to the petitioner." *Hooks v. Ward*, 184 F.3d 1206 (10th Cir. 1999). "To satisfy this burden, petitioner is, at a minimum, required to set forth specific factual allegations as to the inadequacy of the state procedure." *Smallwood v. Gibson*, 191 F.3d 1257, 1268 (10th Cir. 1999). If the Court determines a procedural bar applies, a federal court will not review the claim unless the petitioner can show "cause … and actual prejudice" for the default or that a "fundamental miscarriage of justice" will result from dismissal of the claim. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Petitioner did not raise Ground 7 (prosecutorial misconduct based on the filing of multiple Informations) on direct appeal. Therefore, the State Court and the OCCA declined to address those claims during the post-conviction proceedings, citing OKLA. STAT. tit. 22, § 1086 and similar case law. Dkt. 7-6, P.C. Order, at 4. Section 1086 bars claims that were not raised on direct appeal unless the petitioner demonstrates a "sufficient reason" for the earlier omission. OKLA. STAT. tit. 22, § 1086. The rule is independent, as it relies purely on state law. *See Smallwood v. Gibson,* 191 F.3d 1257, 1268 (10th Cir. 1999). The Tenth Circuit has also "repeatedly found that Oklahoma has applied section 1086 consistently to preclude claims on post-conviction review which could have been raised on direct appeal." *Hale v. Gibson*, 227 F.3d 1298, 1330 n. 15 (10th Cir. 2000) (collecting cases). Indeed, Oklahoma has applied the Section 1086 bar in cases involving prosecutorial misconduct. *See Woodruff v. State,* 910 P.2d 348, 351 (Okla. Crim. 1996). The State Court and the OCCA therefore denied Ground 7 based on an adequate and independent state procedural rule.

As noted above, Court cannot reach the merits of Ground 7 unless Petitioner demonstrates

cause and prejudice or a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. The cause standard requires a petitioner to "show that some objective factor external to the defense impeded ... efforts to comply with the State's procedural rules." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Factors supporting "cause" include previously unavailable evidence, a change in the law, and interference by state officials. *Id.* The "fundamental miscarriage of justice" exception requires the petitioner to demonstrate he is "actually innocent." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991).

Respondent's brief thoroughly set out the above standard, and the Court granted Petitioner an opportunity to reply. Dkt. 9, Response, at 38-43; *see also* Dkt. 5, Order to Show Cause, at 3. However, Petitioner's Reply makes no attempt to overcome the procedural default of Ground 7 and merely rehashes the merits of the claim. Dkt. 12, Reply, at 17-18. Habeas review is therefore unavailable with respect to Ground 7.

**II. Merits Analysis**

Respondent concedes, and the Court finds, Petitioner exhausted state remedies with respect to Grounds 1 through 6 and Ground 8. Dkt. 9, Response, at 2. The Court will therefore consider whether Petitioner's conviction violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Because the OCCA already adjudicated Petitioner's claims, this Court may not grant habeas relief unless he demonstrates the OCCA's ruling: (1) "resulted in a decision that was contrary to . . . clearly established Federal law as determined by Supreme Court of the United States," 28 U.S.C. § 2254(d)(1);[1] (2) "resulted in a decision that . . . involved

---

[1] As used in § 2254(d)(1), the phrase "clearly established Federal law" means "the governing legal principle or principles" stated in "the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Lockyer v. Andrade*, 538 U.S. 63, 71–72 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)); *see also House v. Hatch*, 527 F.3d 1010, 1015

6

an unreasonable application of clearly established Federal law," *id.*; or (3) "resulted in a decision that was based on an unreasonable determination of the facts" in light of the record presented to the state court, *id.* at § 2254(d)(2).

"To determine whether a particular decision is 'contrary to' then-established law, a federal court must consider whether the decision 'applies a rule that contradicts [such] law' and how the decision 'confronts [the] set of facts' that were before the state court." *Cullen v. Pinholster,* 563 U.S. 170, 182 (2011) (alterations in original) (quotations omitted). When the state court's decision "identifies the correct governing legal principle in existence at the time, a federal court must assess whether the decision 'unreasonably applies that principle to the facts of the prisoner's case." *Id.* (quotations omitted). Significantly, an "unreasonable application of" clearly established federal law under § 2254(d)(1) "must be objectively unreasonable, not merely wrong." *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (quotations omitted). "[E]ven clear error will not suffice." *Id.* Likewise, under § 2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). The Court must presume the correctness of the OCCA's factual findings unless petitioner rebuts that presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Essentially, the standards set forth in § 2254 are designed to be "difficult to meet," *Harrington v. Richter,* 562 U.S. 86, 102 (2011), and require federal habeas courts to give state court decisions the "benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). A state prisoner ultimately "must show that the state court's ruling ... was so lacking in justification that

---

(10th Cir. 2008) (explaining that "Supreme Court holdings—the exclusive touchstone for clearly established federal law—must be construed narrowly and consist only of something akin to on-point holdings").

7

there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

    A.  (Ground 1): Propensity Evidence

In Ground 1, Petitioner argues the State Court improperly admitted evidence supporting Counts IV through VII, which were dismissed before trial. Dkt. 1, Petition, at 4. Specifically, M.K. was allowed to testify about sexual abuse that occurred between 2007 and 2010, even though Counts I through III were limited to 2003 and 2004. *Id.; see also* Dkt. 7-1, Pet. App. Brief, at 14. Petitioner contends the evidence of later abuse suggested he had a propensity to commit sex crimes and that such perception resulted in an inflated sentence. Dkt. 1, Petition, at 4; *see also* Dkt. 7-1, Pet. App. Brief, at 13.

As Respondent points out, the OCCA addressed Petitioner's propensity-evidence claim as an alleged error of state law. Dkt. 7-3, OCCA Op., at 2. The OCCA analyzed the claim under the plain error doctrine, as Petitioner's counsel did not object at trial, and found it was admissible under OKLA. STAT. tit. 12, § 2413(A). *Id.* at 3. That statute provides for the admission of unrelated sex crimes where "the defendant is accused of an offense of sexual assault." *Id.* (quoting Section 2413(A)). The OCCA went on to observe that the dismissal of Counts IV through VII at the preliminary hearing does not prohibit the admission of propensity evidence at trial, and, in any event, Petitioner's sentence was not inflated. *Id.* at 3-4.

"[F]ederal habeas corpus relief does not lie for errors of state law." *Wilson v. Corcoran*, 562 U.S. 1, 16 (2010) (per curiam) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)). Consequently, federal courts "may not provide habeas corpus relief on the basis of state court evidentiary rulings 'unless they rendered the trial so fundamentally unfair that a denial of constitutional rights results.'" *Duckett v. Mullin*, 306 F.3d 982, 999 (10th Cir. 2002) (quoting

8

*Mayes v. Gibson*, 210 F.3d 1284, 1293 (10th Cir. 2000)). *See also Thornburg v. Mullin*, 422 F.3d 1113, 1125 (10th Cir. 2005) (To overcome the OCCA's plain-error ruling on an evidentiary issue, the alleged error must have "so infused the trial with unfairness as to deny due process of law").

Having reviewed the record, the Court finds the admission of propensity evidence did not render the trial fundamentally unfair. There is no indication in the record that the jury concluded Petitioner was guilty simply based on evidence of later abuse. On the contrary, the verdicts reflect the jury carefully considered each allegation of sexual contact and determined Petitioner was guilty of certain types of abuse (Counts I and II), but not others (Count III). Dkt. 8-10, Tr. Trial vol. III, at 62-63; *see also* Dkt. 8-1, O.R., at 21. Further, the Court is not convinced the propensity evidence resulted in an inflated sentence. As the OCCA correctly noted, "the range of punishment for child sexual abuse is 'not exceeding life imprisonment,'" and Petitioner's fifteen year sentence is "at the low end of the … range." Dkt. 7-3, OCCA Ap., at 4-5. Giving appropriate deference to the OCCA's application of the plain-error test, the Court finds the OCCA did not unreasonably apply federal law. Habeas relief is therefore unavailable on Ground 1.

### B. (Ground 2): Unfairly Prejudicial Evidence and Argument

In Ground 2, Petitioner contends the State Court admitted unfairly prejudicial evidence and argument, which inflated his sentence. Dkt. 1, Petition, at 6. The challenged evidence appears to relate to instances of later abuse (*i.e.,* abuse that took place after 2003 and 2004). Dkt. 7-1, Pet. App. Brief, at 23-24. This argument is identical to Ground 1 and fails for the reasons above. Ground 2 also seeks relief based on the prosecutor's remarks in closing argument. *Id.* at 24-26. Petitioner complains the prosecutor inappropriately stated: (a) the abuse "was as common to [M.K.] as eating breakfast," and "[i]t was just something that happened every day;" (b) the

defense theory that M.K. lied about the abuse to get herself out of trouble was "baloney;" and (c) "the truth is [Petitioner] molested [M.K.]." *Id.* at 24-27.

Inappropriate remarks during closing argument are analyzed under a theory of prosecutorial misconduct. *Hamilton v. Mullin*, 436 F.3d 1181, 1187 (10th Cir. 2006). "When a defendant asserts claims of prosecutorial misconduct in a habeas petition, those claims are reviewed for a violation of due process." *Id.* "[N]ot every trial error or infirmity which might call for application of supervisory powers correspondingly constitutes a failure to observe that fundamental fairness essential to the very concept of justice." *Patton v. Mullin*, 425 F.3d 788, 811 (10th Cir. 2005) (citations omitted). "To be entitled to relief, a defendant must establish that the prosecution's conduct or remarks 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Hamilton,* 436 F.3d at 1187. "Such a determination may be made only after 'tak[ing] notice of all the surrounding circumstances, including the strength of the state's case.'" *Id.* (quoting *Coleman v. Brown*, 802 F.2d 1227, 1237 (10th Cir. 1986)).

The OCCA found the prosecutor's closing remarks did not amount to misconduct. Dkt. 7-3, OCCA Ap., at 5. The Summary Opinion observes: "Comments in closing argument that the sexual abuse was a common occurrence to the victim was a reasonable inference on the evidence." *Id.* The OCCA further concluded defense counsel invited the remarks by misstating the evidence, and that the prosecutor did not give any personal opinion of Petitioner's guilt. *Id.* at 5-6.

After reviewing the record, the Court agrees. The prosecutor made the remarks about the frequency of abuse to explain why - as defense counsel noted - M.K. had trouble remembering details:

She can't remember what she was wearing every single time she was molested. You

think you would remember, right? Not if you're blocking it out. Not if you're trying to forget. … Not if it was as common as you eating breakfast. [M.K.], what did you have for breakfast in 2007 in June? [M.K.] what did you have for breakfast in 2004 when you were eight years old in wintertime? She didn't remember. It was just something that happened every day. She ate. Same thing.

Dkt. 8-10, Tr. Trial vol. III, at 34. The "baloney" comment was also made in response to a defense theory. *Id.* at 49-50. Petitioner's counsel argued that the discipline imposed on M.K. in 2010 was the "real trigger" that caused her to lie about the abuse. *Id.* at 49-50. The prosecutor retorted:

> M.K. told her mom [in 2007]. It didn't work when she told her mom. Nothing happened. … They suffered silently until [M.K.] was a completely different little girl in 2010… You think she was doing that because she's a teenager? … She's making this up, she thought about it years in advance, she set it all up, it's this really elaborate conspiracy because she knew that at some point she was going to want to have a boyfriend and daddy wasn't going to let her and she was going to just set this whole thing up so that she could say, yeah, I was being molested, let's break up the family … Really? No, huh-uh, huh-uh. Don't fall for it. It's baloney.

*Id.* at 55-56. With respect to the final challenged remark, the prosecutor simply stated: "[I]n the instructions at the very end it says, your verdict must speak the truth… The truth is that that man molested [M.K.]." *Id.* at 54.

When read in context, none of these comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Hamilton,* 436 F.3d at 1187. This is particularly true in light of "the strength of the state's case." *Id.* The State presented direct testimony by the victim about the abuse, and the jury elected to believe her. Therefore, the prosecutor's remarks did not violate Petitioner's due process rights, and Ground 2 fails.

C. (Ground 3): Statute of Limitations

In Ground 3, Petitioner contends his prosecution was barred by the expiration of the statute of limitations. Dkt. 1, Petition, at 7. The parties agree that OKLA. STAT. tit. 22, § 152

governs the limitations period on criminal prosecutions. *Id.; see also* Dkt. 7-1, Pet. App. Brief, at 30; Dkt. 7, Response, at 17-18. Section 152 sets forth specific limitations periods for specific crimes and provides a three-year "catch-all" limitation period for any crime not specifically enumerated therein. *See* OKLA. STAT. tit. 22, § 152(H). Petitioner argues that the sexual abuse statute in effect in 2004, OKLA. STAT. tit. 10, § 7115, is not specifically enumerated in Section 152, and therefore the limitation period is three years. Dkt. 7-1, Pet. App. Brief, at 30-31. According to Petitioner, the State violated Section 152 by charging him in 2011 for crimes that occurred in 2003 and 2004. *Id.; see also* Dkt. 7-1, Pet. App. Brief, at 31.

Petitioner's argument fails, for two reasons. First, the argument is an "attempt to take unfair advantage of the renumbering of [the sexual abuse] statutes." Dkt. 7-3, OCCA Op., at 6-7. The sexual abuse statute in effect in 2004, OKLA. STAT. tit. 10, § 7115, does not appear as an enumerated offense in Section 152 because Section 7115 was renumbered as OKLA. STAT. tit. 21, § 843.5. *Id.* The renumbered child abuse statute - upon which Petitioner's conviction is predicated - does appear as an enumerated offense in Section 152. *See* OKLA. STAT. tit. 22, § 152(C). At the time of the crime, "child sexual abuse cases were to be prosecuted within seven years of discovery." Dkt. 7-3, OCCA Op., at 6-7. The crimes here occurred in 2003 and 2004; were discovered in 2007 when M.K. first told her mother; and resulted in charges in 2011. *Id.* at 7. Thus, the prosecution was not time-barred.

Further, even if the OCCA was wrong, Ground 3 represents an alleged error of state law. "A state court's interpretation of state [statute], including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). Accordingly, the "failure to properly apply a state statute of limitations does not violate due process or any other provision of the Constitution or a federal statute, and thus

12

does not provide a basis for granting a writ of habeas corpus." *Gauntlett v. Cunningham*, 171 Fed. App'x 711, 715 n.3 (10th Cir. 2006)[2] (quoting *Burns v. Lafler*, 328 F.Supp.2d 711, 719 (E.D. Mich. 2004)). *See also Kinkead v. Standifird,* 502 Fed. App'x 792, 795 (10th Cir. 2012) (rejecting petitioner's argument that his "criminal prosecution was barred by the statute of limitations" and noting courts "do not review violations of state law"). Ground 3 therefore fails.

### D. (Ground 4): Cumulative Error

In Ground 4, Petitioner contends the "cumulative effect of all errors addressed in Grounds One through Ground Three inflated [his] sentences." Dkt. 1, Petition, at 9. Under Tenth Circuit law, the "[c]umulative error analysis [only] applies [in a habeas proceeding] where there are two or more actual errors." *Moore v. Reynolds*, 153 F.3d 1086, 1113 (10th Cir. 1998). [I]t does not apply to the cumulative effect of non-errors." *Id.* Having found no error in Grounds 1 through 3, the Court rejects Petitioner's cumulative error claim.

### E. Grounds (5, 6, and 8): Ineffective Assistance of Appellate Counsel

Grounds 5, 6, and 8 all raise claims for ineffective assistance of appellate counsel. Dkt. 1, Petition, at 14-17. Petitioner contends appellate counsel should have raised the following arguments on direct appeal: (Ground 5): Petitioner's rights under the Confrontation Clause were violated because an easel-board obstructed his view of M.K. in the witness box; (Ground 6): The prosecutor coerced M.K. to supply false testimony; and (Ground 8): The State Court improperly admitted propensity evidence. The OCCA rejected these claims, finding the record controverted or failed to support each argument and that appellate counsel otherwise provided capable assistance. Dkt. 7-9, OCCA Ap., at 4-5.

---

[2] The Court cites this decision, and other unpublished decisions herein, as persuasive authority. *See* FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

The Sixth Amendment guarantees criminal defendants the right to the effective assistance of counsel. U.S. Const. amend VI. A deprivation of that right occurs where: (1) counsel's performance was deficient, and (2) such performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The *Strickland* test applies to appellate counsel. *See Evitt v. Lucey*, 469 U.S. 387, 393-400 (1985); *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995). When a habeas petitioner alleges appellate counsel failed to raise an issue on direct appeal, the Court "first examine[s] the merits of the omitted issue." *Hawkins v. Hannigan*, 185 F.3d 1146, 1152 (10th Cir. 1999). "If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance." *Id.* (citing *Parker v. Champion*, 148 F.3d 1219, 1221 (10th Cir. 1998)). If the issue has merit, the Court must then determine whether counsel's failure to raise it "was deficient and prejudicial" under *Strickland*. *Id.*

Standing alone, the *Strickland* standard is "highly deferential." *Strickland*, 466 U.S. at 689. Coupled with § 2254(d)(1), this Court's review of the OCCA's ruling is "doubly deferential." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (A "doubly deferential judicial review … applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard."). "[W]hen assessing a state prisoner's ineffective-assistance-of-counsel claims on habeas review, [this Court] defer[s] to the state court's determination that counsel's performance was not deficient and, further, … to the attorney's decision in how to best represent a client." *Byrd v. Workman*, 645 F.3d 1159, 1168 (10th Cir. 2011).

Applying double deference, the Court finds the OCCA properly applied the *Strickland* standard in this case. The State Court found, and this Court agrees, that the Confrontation Clause argument is meritless. Dkt. 7-6, P.C. Order, at 5. While the Confrontation Clause typically requires the witness to face the defendant during testimony, *see Cook v. McCune*, 323 F.3d 825,

832 (10th Cir. 2003), there is no indication in the record that Petitioner could not see M.K. Indeed, the only concrete evidence on this point is a 2014 letter from appellate counsel, which Petitioner attached as an exhibit to his post-conviction application. Dkt. 7-4, P.C. App., at 20. The letter indicates trial counsel understood Petitioner could see the witness, and Petitioner never complained during trial. *Id.* Appellate counsel wrote, in relevant part:

> I recall contacting your trial attorney, Kathy Frye, regarding your concern that a State demonstration board may have blocked your view of certain witnesses during their testimony at trial…. My notes indicate I discussed this topic with Ms. Frye, … [and she] assured me she took appropriate measures to compensate for her vision impairment, including but not limited to, having her assistant Tina consult with the jailer…. It was Ms. Frye's belief that you could see the witnesses and you certainly never said anything if you were unable to see them. Ms. Frye had her assistant Tina ask the jailer, who sat directly behind you in the courtroom, if she was able to see. The jailer said that she could see the witnesses and you should be able to see them. Ms. Frye added that you should have been able to see them as the witnesses were right in front of you because of where you were sitting.

*Id.*

The letter further indicates Petitioner urged appellate counsel to avoid raising issues that might result in a new trial (and any risk of a steeper sentence), including ineffective assistance of trial counsel:

> In addition, my notes from our phone calls and written correspondence during my representation show that the reason this extra-record claim was not included in your direct appeal is that you told me, with the exception of the statute of limitations issue, you did not want to risk raising new trial issues on direct appeal…. We specifically discussed and you stated you understood that because you did not want to risk a new trial, we would not raise issues that had to be run through a claim of ineffective assistance of trial counsel.

*Id.* at 21. Respondent highlighted this letter in his Response, and Petitioner failed to contravene this version of events in his Reply. Dkt. 7, Response, at 31-35; *see also* Dkt. 12, Reply, at 10-12. Therefore, the Court concludes appellate counsel appropriately refrained from raising the Confrontation Clause argument.

15

Ground 6 fails for similar reasons. Petitioner contends the prosecutor coerced M.K. to lie at the preliminary hearing, and appellate counsel should have raised this issue on appeal. Dkt. 1, Petition, at 15 (citing Dkt. 7-6, P.C. App., at 9-12). At the preliminary hearing, the prosecutor asked questions about whether Petitioner touched M.K. in various places on her body. Dkt. 8-3, Tr. Prelim. Hr'g (April 29, 2011), at 7-24. When M.K. answered, the prosecutor often asked follow up questions about whether Petitioner touched her elsewhere or used other body parts to touch her. *Id*. Petitioner's counsel repeatedly objected that the prosecutor was leading the witness, but the objections were overruled. *Id*. After reviewing the transcript, the Court agrees that Petitioner has failed to establish "any witness coercion or wrongdoing on the part of the prosecutor." Dkt. 7-6, P.C. Order, at 4. The coercion claim is therefore meritless, and appellate counsel acted appropriately by declining to raise it on direct appeal.

Petitioner's final argument, enumerated as Ground 8, focuses on appellate counsel's failure to raise a claim based on the improper admission of propensity evidence. Dkt. 1, Petition, at 17. Ground 8 clearly fails, as appellate counsel did raise the argument on appeal. Dkt. 7-1, Pet. App. Brief, at 13-22. The propensity argument was labelled as Proposition 1, and appellate counsel spent nine pages arguing each point Petitioner raises in the instant proceeding. *Id; see also* Dkt. 1, Petition, at 17; Dkt. 12, Reply, at 12. Further, as discussed above, the propensity argument lacks merit. *See* Supra, section A. Petitioner has therefore failed to establish appellate counsel rendered ineffective assistance, and habeas relief is unavailable with respect to Grounds 5, 6, and 8.

Based on the foregoing, the Court concludes Petitioner's conviction and sentence do not violate federal law. 28 U.S.C. § 2254(a). The Petition is therefore denied.

## IV. Certificate of Appealability

Habeas Corpus Rule 11 requires "[t]he district court [to] . . . issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate may only issue "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court rejects the merits of petitioner's constitutional claims, he must make this showing by "demonstrat[ing] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons discussed above, Petitioner has not made the requisite showing on any of his claims. The Court therefore denies a certificate of appealability.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The petition for a writ of habeas corpus (Dkt. 1) is **denied**.

3. A certificate of appealability is **denied**.

4. A separate judgment will be entered herewith.

ORDERED this 28th day of September 2018.

James H. Payne
United States District Judge
Northern District of Oklahoma